IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| York Woods Apartments; Sterling Columbia Apartments, LLC, | ) ) ) | C/A No. 3:26-165-JFA-PJG |
| Plaintiffs, | ) ) | **ORDER AND** |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) ) | |
| Abqurrah Ali, | ) ) | |
| Defendant. | ) ) | |

Abqurrah Ali filed a notice of removal which purports to remove Case Number 2026CV321070115 from the Lexington County Magistrate Court.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for initial review pursuant to 28 U.S.C. § 1915.[2] Having reviewed the pleadings in accordance with applicable law, the court concludes that this case should be remanded *sua sponte* to the Lexington County Magistrate Court for lack of subject matter jurisdiction.[3]

---

[1] Defendant lists two other civil action numbers on the notice of removal. (See ECF No. 1 at 1.) However, the only state court documents included in Defendant's voluminous filings relate to a 2026 eviction proceeding. Moreover, the cases identified by Defendant on the notice of removal were filed in 2022; thus, any attempt to remove them would be untimely.

[2] Plaintiff submitted an Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO240), which the court construed as a motion for leave to proceed *in forma pauperis*. See 28 U.S.C. § 1915. (ECF No. 4.) A review of the motion reveals that Plaintiff should be relieved of the obligation to prepay the full filing fee. Therefore, Plaintiff's motion for leave to proceed *in forma pauperis* is granted.

[3] Defendant includes with his filings certificates of service indicating that he has informed both the Plaintiffs and the state court that he has removed this case. However, the state court eviction docket does not show a record of a notice of removal. To the extent this action was not properly removed, the court recommends summary dismissal for lack of subject matter jurisdiction, as discussed below.

I.   **Procedural Background**

Defendant is currently facing eviction proceedings filed by Plaintiffs in the Lexington County Magistrate Court. According to documents provided by Defendant, the eviction proceedings are the result of Defendant's failure to pay rent. In his notice of removal, Defendant argues that this action is properly removed because it arises under the Fair Debt Collection Practices Act.

II.  **Discussion**

As an initial matter, it appears removal of this case was improper. While Defendant states that copies of all state court documents are attached to his notice of removal, the only attachments are a copy of his notary license, a magistrate summons that is not file-stamped, and a request from Defendant for a hearing. See 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."). Importantly, the court does not have before it as an attachment to the notice of removal Plaintiffs' filing initiating the state court proceedings. Although this defect is procedural, rather than jurisdictional, see Cook v. Randolph Cnty., Ga., 573 F.3d 1143, 1150 (11th Cir. 2009) (citing 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3733 (2008); and collecting cases), the court nonetheless concludes that it lacks subject matter jurisdiction over this action as discussed below.

Federal courts are courts of limited jurisdiction, see Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994), and a district court is charged with ensuring that all cases before it are properly subject to such jurisdiction. In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th

Cir. 1998). Generally, a case can be filed in federal district court if there is diversity of citizenship under 28 U.S.C. § 1332, or if there is federal question jurisdiction under 28 U.S.C. § 1331. The removal statute, 28 U.S.C. § 1441, allows a state court defendant to remove a case to a federal district court if the state court action could have been originally filed there. See Darcangelo v. Verizon Commc'ns, Inc., 292 F.3d 181, 186 (4th Cir. 2002). However, the removing defendant has the burden of establishing subject matter jurisdiction, Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994), and a district court may *sua sponte* remand a case to state court if federal jurisdiction is lacking. See Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008).

The United States Supreme Court has commanded that, when considering jurisdiction over a removed case, federal courts must "scrupulously confine their own jurisdiction to the precise limits which the statute has defined." Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941) (internal quotation marks and citation omitted). In addition, "[r]emoval statutes must be strictly construed against removal," Scott v. Greiner, 858 F. Supp. 607, 610 (S.D. W. Va. 1994), and a federal court must "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993); see also Palisades Collections LLC v. Shorts, 552 F.3d 327, 333-34 (4th Cir. 2008); Mulcahey, 29 F.3d at 151 ("If federal jurisdiction is doubtful, a remand is necessary."). In the case at bar, the court finds that Defendant failed to establish jurisdiction based on a federal question or diversity of citizenship, and no other source of jurisdiction is apparent from the pleadings.

It is well settled that a federal question must be presented on the face of a plaintiff's complaint to satisfy federal question jurisdiction. Harless v. CSX Hotels, Inc., 389 F.3d 444, 450 (4th Cir. 2004) (discussing the well-pleaded complaint rule). Further, a plaintiff may avoid federal

jurisdiction by exclusively relying on state law. Caterpillar Inc. v. Williams, 482 U.S. 386 (1987). In the present case, Defendant seeks to remove a state law eviction action, but no filings from Plaintiffs before the court reference federal law. Plaintiff argues that the eviction proceeding arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. However, there is no indication that Plaintiffs invoked the FDCPA. Moreover, Plaintiffs, who are Defendant's landlords, do not fall within the FDCPA's statutory definition of debt collectors. See 15 U.S.C. § 1692a(6) ("The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."); Henson v. Santander Consumer USA, Inc., 817 F.3d 131, 135-37 (4th Cir. 2016) (explaining the difference between debt collectors, a business whose principal purpose is the collection of debts owed to another and are covered by the FDCPA, and creditors, who collect debt owed to themselves and are not covered by the FDCPA), aff'd, 582 U.S. 79 (2017). Nor does the collection of rent implicate the FDCPA. See La Count v. Hudgens, C/A No. 6:24-4383-DCC-KFM, 2024 WL 5323826, at *3 (D.S.C. Oct. 15, 2024) (removal of state court eviction proceeding dismissed for lack of subject matter jurisdiction where the defendant attempted to "manufacture federal question jurisdiction" by invoking the FDCPA), R&R adopted by 2025 WL 91791 (Jan. 14, 2025). In short, this case does not arise under the FDCPA.

   To the extent Defendant attempts to raise the FDCPA or other federal consumer protection laws as defenses or counterclaims based on a federal law, such defenses do not establish federal question jurisdiction. See Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 808 (1986); Cook v. Georgetown Steel Corp., 770 F.2d 1272, 1275 (4th Cir. 1985) ("A federal defense to a state cause of action is not sufficient to invoke federal jurisdiction."); see also Holmes Grp., Inc.

v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002) (providing that a plaintiff's attempt to raise a counterclaim based on a federal statute does not invoke federal question jurisdiction). Accordingly, federal question jurisdiction is lacking in this case.

Moreover, this case may not be removed based on diversity of citizenship because it appears that all parties are citizens of South Carolina for purposes of the diversity statute. Federal court jurisdiction based on diversity of citizenship requires complete diversity of citizenship of the parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States[.]

28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 & nn.13-16 (1978).

Based on the preceding analysis, the court finds that removal of this matter was improper, the court lacks subject matter jurisdiction in this matter, and the matter should be remanded *sua sponte* to state court. See Ellenburg v. Spartan Mortors Chasis, Inc., 519 F.3d 192, 196 (4th Cir. 2008) ("In the case where remand is based on lack of subject matter jurisdiction, the remand order may be entered at any time, for jurisdiction goes to the very power of the court to act.").

### III. Conclusion

Accordingly, the court recommends that this matter be remanded to the Lexington County Magistrate Court for lack of subject matter jurisdiction. In addition, Defendant's pending motions to remove the case to federal court, for issuance of subpoena, to enforce removal, and to declare state court actions void should be terminated based on the court's finding that it lacks subject matter jurisdiction over this action. (ECF Nos. 3, 13, 14, 15.)

February 5, 2026  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).