IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| York Woods Apartments; Sterling Columbia Apartments, LLC, <br><br> Plaintiff, <br><br> v. <br><br> Abqurrah Ali, <br><br> Defendant. | C/A No. 3:26-cv-165-JFA-PJG <br><br><br> **ORDER** |

### I.     INTRODUCTION

Abqurrah Ali filed a notice of removal which purports to remove Case Number 2026CV321070115 from the Lexington County Magistrate Court. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After reviewing Defendant's voluminous filings, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"). (ECF No. 20). Within the Report, the Magistrate Judge opines that this case should be remanded *sua sponte* to the Lexington County Magistrate Court for lack of subject matter jurisdiction. *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Thereafter, Defendant filed objections (ECF No. 27) along with several other motions and exhibits. Thus, this matter is ripe for review.

### II.     STANDARD OF REVIEW

1

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and

conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Because Defendant is representing herself, these standards must be applied while liberally construing his filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III.    DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 20). The Report ultimately concludes this court lacks subject matter jurisdiction and therefore the case must be remanded to state court. Defendant lodges several objections to the Report. Each is addressed in turn.

Initially, Defendant takes issue with the determination that this court lacks federal question jurisdiction. In support, Defendant repeats her assertions that the claims arise under the Fair Debt Collection Practices Act ("FDCPA"). (ECF No. 27, p. 2). Defendant avers that the Report improperly applies the "well-pleaded complaint" rule and fails to consider complete preemption.

Defendant's arguments miss the mark. As the Report correctly concluded, the state court complaint does not invoke the FDCPA in any way and her attempt to utilize the FDCPA as a defense violates the well-pleaded complaint rule. Although complete preemption can be used to circumvent the well-pleaded complaint rule in limited situations, Defendant has failed to show its applicability here. As explained in the Report, Defendant has failed to show that the FDCPA applies at all given that her landlord is excluded from the Act. *See* 15 U.S.C. § 1692a(6) ("The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be

owed or due another."); *Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131, 135-37 (4th Cir. 2016) (explaining the difference between debt collectors, a business whose principal purpose is the collection of debts owed to another and are covered by the FDCPA, and creditors, who collect debt owed to themselves and are not covered by the FDCPA), aff'd, 582 U.S. 79 (2017). Nor does the collection of rent implicate the FDCPA. *See La Count v. Hudgens*, C/A No. 6:24-4383-DCC-KFM, 2024 WL 5323826, at *3 (D.S.C. Oct. 15, 2024) (removal of state court eviction proceeding dismissed for lack of subject matter jurisdiction where the defendant attempted to "manufacture federal question jurisdiction" by invoking the FDCPA), R&R adopted by 2025 WL 91791 (Jan. 14, 2025). In short, this case does not arise under the FDCPA and Defendant has offered no authority to support her contrary assertions.

Plaintiff also appears to aver that the Federal Arbitration Act may alternatively provide a source of federal question jurisdiction. However, the FAA is not itself a source of jurisdiction which the court may utilize. *SmartSky Networks, LLC v. DAG Wireless, LTD.*, 93 F.4th 175, 181 (4th Cir. 2024)("[B]ased on the plain language of Section 4 of the FAA, a court may look beyond a petition to compel arbitration to the underlying controversy to determine whether subject matter jurisdiction exists."). Accordingly, the presence of an arbitration provision within the lease agreement provides no assistance to Defendant's removal efforts. Thus, Defendant's objections are without merit and must be overruled.

Defendant also avers that any procedural defect in her original removal petition has been cured and the state court's post-removal actions must be voided given the existence of subject matter jurisdiction. These arguments are irrelevant given the above determination that this court lacks subject matter jurisdiction over the claims presented. Accordingly, the court declines to

4

address any other arguments. Likewise, the court is without jurisdiction to consider any of Defendant's other filings, motions, or requests.

### IV.     CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Defendant specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 20). For the reasons discussed above and in the Report, this matter is remanded to the Lexington County Magistrate Court for lack of subject matter jurisdiction. In addition, all other pending motions are hereby terminated based on the court's finding that it lacks subject matter jurisdiction over this action.

IT IS SO ORDERED.

February 23, 2026                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                     United States District Judge